UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

COURT FILE NO.: *18-3047*

| | |
|---|---|
| MIKHAIL USHER<br>USHER LAW GROUP, P.C.<br><br>Plaintiffs,<br>v.<br><br>EMPOWER GROUP PARTNERS, INC.<br>a/k/a EMPOWER GROUP<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiffs, Mikhail Usher and Usher Law Group, P.C., by and through undersigned counsel, states as follows:

**COMPLAINT**
**Preliminary Statement**

1. Plaintiffs Mikhail Usher ("Usher") and Usher Law Group, P.C. bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).*

2. *"Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by"* the Federal Communications Commission.

3. The TCPA is designed to protect consumer privacy by prohibiting unsolicited, prerecorded calls, unless the caller has the *"prior express written consent"* of the called party.

4. Plaintiffs allege that Defendant EMPOWER GROUP PARTNERS, INC., (hereinafter "EMPOWER") sent automated telephone SMS/Text Messages using equipment prohibited by the TCPA to promote its services without Plaintiffs prior express written consent.[1]

## JURISDICTION

5. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs claims arise under federal law.

6. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227 et sec.

7. Jurisdiction is further supported in this district by several recent Federal Court decisions which have explicitly vested TCPA cases in the Federal forum.[2]

8. This action arises out of Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), violations of orders, rules and

---

[1] Omnibus TCPA Order, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).
[2] Bank v. Independence Energy Group LLC et al., No. 13-1746-cv (2d Cir. Dec. 3, 2013); Mims v. Arrow Fin. Servs. 132 S.Ct. 140 (2012); Giovanniello v. ALM Media, LLC, 726 F.3d 107 (2d Cir. 2013)

regulations promulgated the Federal Communications Commission (FCC) relating to the TCPA, the National Do Not Call registry and by its invasion of Plaintiffs privacy by repeatedly sending SMS/Text Messages to Plaintiffs without authorization to do so.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) and (3) because the Defendant is subject to personal jurisdiction in this district and a substantial part of the property that is the subject of this action is owned by the Plaintiffs, in this District. Furthermore, venue is proper in this District because the acts and transactions occurred here, Plaintiffs resides here, and Defendant transacts business in this District.

## PARTIES

10. The Plaintiff, Mikhail Usher ("USHER"), is an individual residing in Brooklyn, New York.

11. The Plaintiff, Usher Law Group, P.C. ("LAW") is a company with its main offices located in Brooklyn, New York.

12. The Defendant to this lawsuit is EMPOWER GROUP PARTNERS, INC., a/k/a EMPOWER GROUP (hereinafter "EMPOWER") a New York Corporation, is a company that conducts business in New York and initiates telephone calls or SMS/text messages for the purpose of encouraging the purchase or rental of, or investment in, property,

goods, or services. EMPOWER has a business address at: 37-18 Northern Blvd., Suite 409, Long Island City, NY 11101.

## TCPA BACKGROUND

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that *"[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy."* **The Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).**

14. Unlike many federal statutes, Congress embedded the reasons for the TCPA into the statute itself with explicit Congressional Findings. **105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227).**

15. <u>Mims</u> explicitly cited these Congressional Findings in noting that *"'automated or prerecorded telephone calls' . . . were rightly regarded by recipients as 'an invasion of privacy.'"* **Id. (citing 105 Stat. 2394).** Accordingly, Congress found that:

*"**Banning such automated or prerecorded telephone calls** to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, **is the only effective means of***

*protecting telephone consumers* from this nuisance and privacy invasion." *Id.* at § 14 (emphasis added).

16. Indeed, as the United States Supreme Court recently held in a different context, *"Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'" **Riley v. California**, __ U.S. __, 134 S.Ct. 2473, 2494-95, 189 L.Ed.2d 430 (2014).*

17. In fact, the TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

18. The TCPA categorically bans entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. *See 47 C.F.R. § 64.1200(a)(1)(iii); see also 47 U.S.C. § 227(b)(1).*

19. The categorical ban applies to any type of cellular telephone number, residential or business.

20. A relatively new form of unwanted telephone contact involves text messages sent to consumers' cell phones. A telemarketer or other

entity sends over the internet a large number of e-mails whose addresses identify unique cellular telephone numbers.[3]

21. The cellular carriers convert these e-mails to text messages and forward them to the designated cell phones.[4]

22. Due to the fact that it prohibits the use of automatic dialers to *"call"* a cell phone,[5] the Telephone Consumer Protection Act (TCPA) generally prohibits spam text messaging and provides an explicit consumer private right of action with statutory and treble damages.

23. The FCC has ruled that the TCPA prohibition *"encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls."*[6]

24. Courts have reached the same conclusions as the FCC.[7]

25. Indeed, one court has unequivocally stated: *"a text message is a 'call' within the meaning of the TCPA."*[8]

---

[3] Dominguez v. Yahoo, Inc., ___Fed. Appx.____, 2015 WL 6405811 (3d Cir. Nov. 21, 2014) (Reversing dismissal of TCPA claim by consumer who received 27,809 unwanted text messages over seventeen months from a single sender).
[4] Joffe v. Acacia Mortg. Corp., 211 Ariz. 325 (Ct. App. 2006) (This case describes the technology used to send these text messages on mass).
[5] See § 6.3, *supra.*
[6] See Report and Order, In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ¶ 165, 18 F.C.C. Rcd. 14014, 2003 WL 21517853 (F.C.C. July 3, 2003). Accord In re Rules & Regulations Implementation the Telephone Consumer Protection Act of 1991¶¶ 27, 107-108, 111-115, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780,___F.C.C.___(July 10, 2015).
[7] (See Gomez v. Cambell-Ewald Co., 768 F.3d 871 (9th Cir. 2014), cert. granted, 135 S. Ct. 2311 (2015)
[8] Satterfield v. Simon & Shuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009); Reardon v. Uber Technologies, Inc.,____ F. Supp. 3d___, 2015 WL 4451209 (N.D. Cal. July 19, 2015); Scott v. Merchants Ass'n Collection Services, 2012 WL 4896175 (S.D. Fla. Oct. 15, 2012); Connelly v. Hilton Grand Vacations Co., 2012 WL 2129364 (S.D. Cal. June 11, 2012); Buslepp v. Improv Miami, Inc., 2012 WL 1560408 (S.D. Fla., May 4, 2012); Buslepp v. B&B Entm't, L.CL.C., 2012 WL 1571410 (S.D. Fla. May 3, 2012);

## FACTUAL BACKGROUND

26. Plaintiff USHER has a telephone number XXX-XXX-9175, that is assigned to a cellular telephone service.

27. Starting April, 2016, Plaintiffs began receiving SMS/Text Messages to number XXX-XXX-9175 from Defendant.

28. Defendant sent SMS/Text Messages to Plaintiffs with the body of each SMS/Text Message containing invitations from EMPOWER for a loan.

29. Upon information and belief, when Defendant sent these SMS/Text Messages it used equipment that had the capacity to store or produce telephone numbers to be called and/or texted, using a random or sequential number generator and/or a predictive dialer; with the capacity to dial such numbers.

30. Each SMS/Text Message was initiated by Defendant for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services and, therefore, each was a *"telephone solicitation"* as defined in 47 U.S.C. §227(a)(3).

31. The text messages received did not contain an opt-out option.

---

Pimental v. Google Inc., 2012 WL 691784 (N.D. Cal. Mar. 2, 2012); Lo v. Oxnard European Motors, L.L.C., 2011 WL 6300050 (S.D. Cal. Dec. 15, 2011); Kramer v. Autobytel, 759 F. Supp 2d 1165 (N.D. Cal. 2010);Lozano v. Twentieth Century Fox Film Corp., 702 F. Supp. 2d 999 (N.D. Il1. 2010); Kazemi v. Payless Shoesource, Inc., 2010 WL 963225 (N.D. Cal. Mar. 12, 2010); Abbas v. Seeling Source, L.L.C., 2009 WL 4884471 (N.D. Il1. Dec 14, 2009); Joffe v. Acacia Mortg. Corp., 211 Ariz. 325 (Ariz. Ct. App. 2006). See also0 in re Jiffy Lube Int'l, Inc., Text Spam Litig., 847 F. Supp. 2d 1253 (S.D. Cal. 2012); Daniel L Hadjinian, *Reach Out and Text Someone: How Text Message Spam May Be a Call Under the TCPA*, 4 Shidler J. L. Com. & Tech. 3 (2007).

32. Defendant sent numerous prohibited text/calls to Plaintiffs from February, 2017 through today. Seven (7) text message records are in Plaintiff's possession, however there were more which have been deleted automatically.

33. Additionally, Plaintiffs received over 40 phone calls in total from Defendant. Many of these calls were received by Plaintiffs after advising Defendant to seize all communication attempts.

34. At no time did Plaintiffs provide prior express permission for anyone to call and/or send SMS messages to his wireless number using equipment that has the capacity to store or produce random or sequential telephone numbers and / or with the use of a predictive dialer.

35. Plaintiffs seek damages for any and all calls and/or SMS messages that Defendant made to Plaintiffs telephone number in violation of the TCPA and the rules, regulations and orders. (See 47 U.S.C.227 et seq.)

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEC.**

36. The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The TCPA prohibits the making of any call – without prior express consent of the called party – by using any automatic telephone dialing system or artificial or prerecorded voice to any cellular telephone. Defendants violated the TCPA and Plaintiffs right to privacy by electronic transmission of written material to the cellular telephone of the Plaintiffs, namely unsolicited commercial advertisements through SMS/Text Message calls using an automatic telephone dialing system and/or using an artificial and prerecorded message.

38. These text message advertisement calls were made without the prior express invitation or permission of Plaintiffs.

39. Defendant has, therefore, violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

40. As a result of Defendant's unlawful conduct as alleged herein, the Plaintiffs suffered actual damages and, under the TCPA and are entitled, *inter alia*, to damages of at a minimum of $500.00 in damages for each such violation of the TCPA, and are entitled to damages in the amount of $1,500.00 per violation which are willful and wanton.

## COUNT II
### INJUNCTIVE RELIEF

41. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendant and/or its agents or independent contractors have possession, custody and control of the business records, databases, computer systems and other information and equipment necessary to prove the allegations and assertions of the Plaintiffs complaint and nature of the willful and wanton conduct perpetrated by the Defendant. Unless immediate injunctive relief is ordered, the Defendant will alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment. For this reason, Plaintiffs are entitled to an order prohibiting and enjoining Defendant and its agents or independent contractors from altering, deleting, destroying or otherwise disposing of any documents, records, databases or computer systems that are necessary prove the Plaintiffs allegations.

43. Defendant should be enjoined from further violations of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays that judgment be entered against Defendant:

A. An award of actual and/or statutory damages to Plaintiffs.

B. An injunction requiring Defendants to ceases all wireless spam activities. Restraining Defendants from altering, erasing, changing, deleting, destroying or otherwise removing or disposing of any documents, records, databases, computer systems and the like

currently in its possession or control or in the possession or control of its agents and contractors.

C. An order preliminarily and permanently enjoining Defendant's from engaging in the practices challenged herein.

D. Reasonable attorneys' fees and costs; and

E. Such further and other and other relief the Court deems just, proper and equitable.

Respectfully Submitted,

___/s/ Nicholas Sarta___
Nicholas Sarta, Esq.
SARTA & SCARPATI, LLP.
Attorneys for Plaintiffs
7317 13th Avenue
Brooklyn, New York 11228

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK        )
                         )   ss
COUNTY OF KINGS          )

Plaintiff MIKHAIL USHER on behalf of himself and as principal of USHER LAW GROUP, P.C., having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
MIKHAIL USHER

Subscribed and sworn to before me
this _18th_ day of __MAY__, 2018.

_____
Notary Public

EUGENE SURIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SU6328282
Qualified in Kings County
My Commission Expires July 27, 2019